UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BAUDER,

        Petitioner,        Case Number: 10-10217

v.        HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

**MEMORANDUM AND ORDER**
**OVERRULING PETITIONER'S OBJECTIONS (Doc. 17)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 16)**
**AND**
**DENYING PETITION FOR WRIT OF HABEAS CORPUS**
**AND**
**DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING CASE**

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Terry Bauder (Petitioner) is a state prisoner convicted of two counts of first degree criminal sexual conduct, for which he is serving a sentence of 22½ to 40 years imprisonment. Petitioner has filed a petition for writ of habeas corpus on the grounds of newly discovered evidence. The matter has been referred to a magistrate judge for a report and recommendation (MJRR).

The magistrate judge issued a MJRR recommending that the petition be denied

for lack of merit. Before the Court are Petitioner's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and the petition will be denied. A certificate of appealability will also be denied.

II.

Petitioner was convicted of the above offenses following a jury trial. The MJRR sets forth the background facts, involving the sexual assault of Petitioner's then-nine-year-old daughter, which will not be repeated here. See MJRR at p. 1-4.

The procedural history is also fully set forth in the MJRR. Briefly, Petitioner filed a direct appeal, raising claims of improper exclusion of evidence, prosecutorial misconduct, ineffective assistance of counsel, and improper departure from the sentencing guidelines. Petitioner's convictions were affirmed on direct appeal. People v. Bauder, No. 160013 (Mich. Ct. App. Sept. 29, 1994); lv. den. 449 Mich. 865 (1995). Petitioner then filed a motion for relief from judgment in the trial court, raising the same claims on direct appeal and additional claims, which was denied. On January 11, 1999, Petitioner filed a habeas petition, raising the same claims on direct appeal and in his motion for relief from judgment. The Court dismissed the petition as untimely. Bauder v. Curtis, 99-70082 (E.D. Mich. Nov. 16, 1999). The Sixth Circuit denied a certificate of appealability.

On September 5, 2005, the victim executed an affidavit purporting to recant her trial testimony. Petitioner filed a second motion for relief from judgment based on the affidavit. The trial court, after a hearing and submission of supplemental briefs, denied the motion. The trial court found that the victim did not recant her prior testimony but now cannot believe that Petitioner abused her and that he prior testimony may have

been influenced by her grandmother.  The trial court also noted it had reviewed the victim's trial testimony, finding it persuasive and believable.  People v. Bauder, No. 91-11-5263 (Branch County, Mich. Cir. Ct. Oct. 3, 2006).  Petitioner appealed, arguing that the trial court's decision was an abuse of discretion and denied him due process.  The Michigan appellate courts denied leave to appeal in standard orders.  People v. Bauder, No. 280758 (Mich. Ct. App. Apr., 16, 2008); 483 Mich, 877 (2009).

Petitioner then filed the instant petition, which the Court transferred to the Court of Appeals for the Sixth Circuit as a successive petition.  (Doc. 2).  The Sixth Circuit subsequently entered an order granting Petitioner permission to file the successive petition in light of the newly discovered evidence.  (Doc. 3).  Petitioner supplemented his petition.  Respondent filed a motion for summary judgment on the grounds the petition is untimely.  (Doc. 10).

The magistrate judge issued a MJRR recommending that the Court decline to rule on the statute of limitations issue and instead deny the petition for lack of merit.  Petitioner objects.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects.  28 U.S.C. § 636(b)(1).  The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  Id.  The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).  Accordingly,

Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

IV.

As an initial matter, Respondent has not objected to the magistrate judge's recommendation that the Court decline to address the statute of limitations issue. The Court agrees with the magistrate judge that although the statute of limitations presents a problem for Petitioner, the better course is to consider the petition on the merits. Accordingly, the MJRR is adopted on this issue. See MJRR at p. 6-9.

Petitioner's objections essentially present the same arguments considered and rejected by the magistrate judge. The magistrate judge correctly noted that a claim of newly discovered evidence standing alone, without an accompanying constitutional violation, is not cognizable on habeas review. The magistrate judge then carefully explained that Petitioner's newly discovered evidence claim, however construed, does not have a viable constitutional component. Nothing in Petitioner's objections convince the Court that the magistrate judge's analysis is incorrect. The Court agrees with the magistrate judge that habeas relief is not available on Petitioner's claim.

V.

The Court also agrees with the magistrate judge that Petitioner is not entitled to a certificate of appealability. Reasonable jurists would not debate whether Petitioner is entitled to relief on his claims or that they should proceed further. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

VI.

Accordingly, for the reasons stated above, Petitioner's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Petitioner's application for writ of habeas corpus is DENIED. A certificate of appealability is DENIED.

This case is DISMISSED.

SO ORDERED.

       S/Avern Cohn
       AVERN COHN
       UNITED STATES DISTRICT JUDGE

Dated: April 17, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 17, 2012, by electronic and/or ordinary mail.

       S/Julie Owens
       Case Manager, (313) 234-5160