UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY BAUDER,

        Petitioner,        Case Number: 10-10217

v.        HONORABLE AVERN COHN

SHERRY BURT,

        Respondent.
_____/

## ORDER GRANTING MOTION FOR EXTENSION OF TIME IN WHICH TO FILE NOTICE OF APPEAL AND APPLICATION FOR CERTIFICATE OF APPEALABILITY
(Doc. 21)

I.

This is a habeas case under 28 U.S.C. § 2254. Petitioner Terry Bauder (Petitioner) is a state prisoner convicted of two counts of first degree criminal sexual conduct, for which he is serving a sentence of 22½ to 40 years imprisonment. Petitioner filed a petition for writ of habeas corpus on the grounds of newly discovered evidence.

The matter was referred to a magistrate judge for a report and recommendation (MJRR). On March 30, 2012, the magistrate judge issued a MJRR recommending that the petition be denied for lack of merit. (Doc. 16). Petitioner timely objected. (Doc. 17). On April 17, 2012, the Court issued an order overruling Petitioner's objections, adopting the MJRR, denying the petition, and denying a certificate of appealability. (Doc. 18). A

separate judgment issued that same date. (Doc. 18).

Before the Court is petitioner's motion to extend time in which to file a notice of appeal and to apply in the Sixth Circuit for a certificate of appealability. For the reasons that follow, the motion is GRANTED.

II.

A.

Fed. R. App. P. 4(a)(1) states that a notice of appeal must be filed in a civil case within thirty (30) days of the entry of the judgment or order from which the appeal is taken. This time limit is mandatory and jurisdictional. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264 (1978). The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Rhoden v. Campbell, 153 F.3d 773, 774 (6th Cir. 1998).

B.

However, a party, such as Petitioner, asserting it failed to receive prompt notice of an order it wishes to appeal may seek relief for filing an appeal under either Federal Rule of Appellate Procedure 4(a)(5) or 4(a)(6). Zak v. United States, 133 F.3d 451, 453 (6th Cir. 1998). Petitioner seeks relief under Fed. R. App. P. 4(a)(5)(A),[1] which provides that a district court may extend the time to file a notice of appeal if:

> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) that party shows excusable neglect or good cause.

---

[1] Petitioner cited Fed. R. App. P. 4(b). Rule 4(b), however, applies to appeals in criminal cases. A habeas case is a civil action governed by Rule 4(a).

As noted above, the judgment issued on April 17, 2012.  Petitioner had until May 17, 2012 to file a notice of appeal.  Under Rule 4(a)(5)(A), Petitioner had another 30 days, or until June 17, 2012, to file for an extension of time to file an appeal.  Petitioner's motion was filed on June 8, 2012, within the 30 days after the expiration of the appeal time.  Moreover, as explained in Petitioner's papers, there is good cause for the failure to timely file a notice of appeal.  Accordingly, Petitioner is entitled to relief under Fed. R. App. P. 4(a)(5)(A).  Petitioner shall have until June 25, 2012 in which to file a notice of appeal.  See Fed. R. App. P 4(a)(5)(C).

    SO ORDERED.

    S/Avern Cohn
    AVERN COHN
    UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 11, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
    Case Manager, (313) 234-5160